CORNELIUS T. CUNNINGHAM, plaintiff in error, vs. THE ROME RAILROAD COMPANY, defendant in error.

A railroad company filed their bill in which, they stated, that they had the right of way, over a certain piece of land; and, that a certain person was about to erect a flouring mill within seven or eight feet of their track; and, that the mill, if so erected, would leave no sufficient room, for the repair and construction of the track. They prayed for an injunction to prevent the erection of the mill.

*Held*, That they were entitled to the injunction.

In Equity, in Floyd Superior Court. Decision on demurrer, by Judge HAMMOND, February Term, 1859.

This was a bill in equity, by the Rome Railroad Company against Cornelius T. Cunningham to enjoin and restrain defendant from trespassing on lands of complainant, adjoining its railroad, and from locating and erecting certain steam flouring mills thereon.

The bill alleges, that on the 2d April, 1849, complainant purchased from Alfred Shorter, amongst other property, the land in question; that the deed from Shorter described the land as " *extending twenty-five feet on each side of the railroad track, as now laid out, commencing at the Southern line of Broad street, and back on each side of the railroad track, the distance of one thousand feet, as represented on the plat hereto annexed, also the right of way to build, own, and keep up, and use the said railroad as now constructed, through lot of land, number 277, in the twenty-third district, of the third section, in said county of Floyd, also through that portion of land, No. 276, in the district, and section aforesaid, lying west of Oostanaula street, excepting such portion or interest in 277, twenty-third district and third section, as may be adjudged to belong to J. W. M. Berrien or George Tuggle or George W. Tuggle, or their creditors,*" &c.

The bill further states that subsequent to the aforesaid purchase by complainant from Shorter, defendant purchased

from him certain lots, immediately adjoining the line of rail-road, and which are adjoining the lands purchased as afore-said, by complainant from Shorter. That Cunningham has commenced digging and excavating the earth, for the foundation of a steam flouring mill, within seven or eight feet of the railroad track, and upon the ground and strip of land purchased as aforesaid, from Shorter by complainant, not leaving sufficient room or space for repairing and construct-ing the road, as was contemplated in and by the convey-ance from Shorter. That complainant, although entitled to twenty-five feet of ground on each side of said road, under Shorter's deed, has proposed to defendant to allow him to place his mill at the distance of eighteen feet from the cen-ter of said railroad track, and to allow him a *turn-out*, upon said eighteen feet strip between said mill and road.

Prayer, that the defendant be enjoined from locating and erecting said mill, &c.

To this bill defendant demurred. The Court overruled the demurrer, and defendant excepted.

UNDERWOOD & SMITH, for plaintiff in error.

DANIEL S. PRINTUP, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Was the Court right, in overruling the demurrer to the bill? We think so.

The site of the contemplated mill, was, not on any part of the thousand yards strip, but, further down, somewhere on lot 276, or lot 277. According to the deed, the company had nothing in either of these two lots, but a right, of way. The grant in the deed, is expressed in these words; " Also the right of way, to build, own, and keep up, and use, the said railroad, as now constructed."

The bill then says, that the way, the right to which was thus

Cunningham vs Rome R. R. Co.

granted, was to be of a width sufficient, for all the necessary purposes of the company, and, that the "understanding" was, that the width was to be, from thirty-six to fifty, feet.

The bill then says, that the mill was to be erected within seven or eight feet of the track of the road; and, that, if thus erected, there would be "no sufficient room for the purposes and necessities of" the company, "in the repairing and construction of said Railroad."

All these things the demurrer admits to be true.

If the "understanding" between the parties to the deed, be taken as the test, the mill would be clearly an obstruction, standing in the way granted, for, by that understanding, the way granted was to be at least thirty-six feet wide, eighteen feet on each side of the track, and every obstruction to a way is a nuisance—and, such a nuisance, that, in general, we may say of it, that the damages it occasions, are not adequately measurable by money.   Hence, in almost every case of such a contemplated obstruction, there is jurisdiction to equity, to interpose by injunction, and prevent the doing of that which, if done, would make the obstruction.   And we see nothing in the present case to exclude it from the general rule.

And even, if we lay the understanding of the parties out of the question, and go by the letter of the deed, the case does not seems to be, materially, altered—the allegation in the bill considered.   That allegation is, that the erection of the mill, would not leave sufficient room, for the repairs and construction of the track.   The letter of the deed gives sufficient room for such repairs and construction.   Therefore, the erection of the mill, would violate the letter of the deed—taking as we must, the allegation of the bill, to be true.   And the injury or damage occasioned by such a violation, would be equally as difficult, of measurement in money, as the injury or damage, in the case first considered.

Even, then, if the case be confined to the letter of the

deed, there was jurisdiction to equity, to interpose by injunction.

Injunction in cases of this kind, is on many obvious accounts, a preferable remedy to a suit for damages. And the only question in them, is, one as to the remedy. The party sued comes into equity and demurs; thus he admits himself, a wrong doer in purpose, and yet he says—do not interfere with me, let me carry out my purpose. The law will give the party I injure, redress. There, surely can be little in such a plea as this, to commend it to favor. It ought to be disregarded if possible.

Judgment affirmed.